UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAM WILSON,

Plaintiff,

v. Case No. 1:20-cv-00244-WMS

THE FABRIC CELLAR, INC. dba FABRIC GURU,

Defendant.

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**HODGSON RUSS LLP**
*Attorneys for The Fabric Cellar, Inc.*
Michael E. Maxwell, Esq.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ....................................................................................................1

II. STATEMENT OF FACTS ........................................................................................1

III. PROCEDURAL POSTURE ......................................................................................4

IV. LAW AND ARGUMENT ........................................................................................4

A. Legal Standard: Rule 12(b)(1) Motion to Dismiss ...............................................4

B. The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction.......5

1. The Plaintiff's Claims Are Moot Because Fabric Cellar Has Remedied All Alleged ADA Violations and Fabric Cellar Website Renovations Render This Suit Moot. ...........................................................................................5

V. CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amidax Trading Group v. S.W.I.F.T. SCRL*,
671 F.3d 140 (2d Cir. 2011).....5

*APWU v. Potter*,
343 F.3d 619 623 (2d Cir. 2003).....5

*Campbell v. Greisberger*,
80 F.3d 703 (2d Cir. 1996).....7

*Clear Channel Outdoor, Inc. v. City of New York*,
594 F.3d 94 (2d Cir. 2010).....6, 7

*Del-Orden v. Bonobos, Inc.*,
No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2017) ..... *passim*

*Edwin Diaz* v. *The Kroger Co.*
No. 1:18 cv 07953 (KPF) (S.D.N.Y. June. 04, 2019).....9, 10

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000).....7, 8

*Genesis Healthcare Corp. v. Symczyk*,
569 U.S. 66 (2013).....4, 6

*Giammatteo v. Newton*,
452 Fed. App'x 24 (2d Cir. 2011).....5

*Lucia Markett v. Five Guys Enterprises LLC*,
No. 17-cv-788(KBF) (S.D.N.Y. July 21, 2017).....7, 8

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000).....3, 4, 5, 6

*Natural Res. Def. Council v. Johnson*,
461 F.3d 164 (2d Cir. 2006).....5

*Shipping Fin. Servs. Corps. V. Drakos*,
140 F.3d 129 (2d Cir. 1998).....5

**Federal Statutes**

Americans with Disabilities Act.....1, 2, 5, 6, 9, 10

**Rules**

Fed. R. Civ. Pro. 12(b)(1) ....................................................................................1, 3, 4, 5, 6

## I. INTRODUCTION

Plaintiff Sam Wilson ("Wilson") asserts Defendant The Fabric Cellar, Inc.'s ("Fabric Cellar") website, www.fabricguru.com, is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA"). Fabric Cellar has remedied all alleged violations of the ADA raised by Wilson in his Complaint (Dkt. 2). Fabric Cellar's website, www.fabricguru.com, was in substantial compliance prior to the filing of Wilson's Complaint and is now in compliance with the Web Content Accessibility Guidelines 2.1 ("WCAG 2.1"), and therefore the claims raised in Wilson's Complaint are moot and the Complaint must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction.

Further, Wilson lacks standing to sue because he cannot demonstrate that he suffered an injury in fact, nor can he demonstrate a future injury that is actual or imminent, which is a necessary element in demonstrating an entitlement to injunctive relief. Therefore, the Plaintiff's Complaint must also be dismissed under Fed. R. Civ. Pro. 12(b)(1), again for a lack of subject matter jurisdiction.

## II. STATEMENT OF FACTS

Wilson is a resident of Amherst, New York and was at all times relevant to the matters asserted in the Complaint ("Complaint"). (Complaint at ¶ 17.) Wilson also represents he is "blind, and at all relevant times hereto, has been blind." (Complaint at ¶ 2.) Fabric Cellar is an Alabama corporation. (Complaint at ¶ 18.) Defendant is not a "…leader in the design, development, manufacture and distribution of fashion fabrics, home décor and similar products…" as described by Plaintiff. (Complaint at ¶ 4.) Fabric Cellar is an online retailer that

buys and resells bulk, remnant, overstocks and discontinued lots of fabric. Fabric Cellar owns, operates and controls www.fabricguru.com ("website"). (Complaint at ¶ 5.) However, Fabric Cellar does not provide a way for consumers to "access other brand-related content and services" as alleged by Plaintiff. (Complaint at ¶ 5.)

Wilson alleges that Fabric Cellar has violated Title III because it has failed "to make its Website in a manner compatible with computer screen reader programs, and deprives Defendant and blind and visually-impaired individuals the benefits of its online goods, content, and services." (Complaint at ¶ 10.) Wilson further alleges that Fabric Cellar's Website "is not and has never been fully accessible, and because upon information and belief Defendant does not have, and has never had, adequate corporate policies that are reasonably calculated to cause its Website to become and remain accessible… Plaintiff seeks a permanent injunction…" (Complaint at ¶ 11.)

Prior to the initiation of Plaintiff's Complaint, Fabric Cellar instituted e-commerce efforts and built in accessibility components to accommodate disabled persons such as Wilson. (Affidavit of Matthew Hellinger ("Hellinger Aff.") at 9). Such efforts included, but were not limited to:

(a) Extensive use of meaningful alt text tags to describe images (*e.g.*, "Premier Prints Polka Dot Printed Cotton Drapery Fabric in Candy Pink/White $7.98 per yard");

(b) Made use of white space for legibility and contrast;

(c) Increased standard font size for legibility among visually challenged;

(d) Avoided graphical elements for user interface elements (*e.g.*, buttons are text-based);

(e) Implemented navigational elements as HTML components for accessibility to text-based reader software and devices;

(f) Allowed access to website by text-based reader software, whereas many other websites disable such access as "legacy" for purported security reasons;

(g) Utilized web accessibility tools to evaluate accessibility and usability across a broad range of user classes, including the disabled;

(h) Continue to add accessibility components to the website as the browser technology improves and browsers like Chrome, Firefox, and Safari adopt new standards that increase accessibility.

(Hellinger Aff. at 9(a) – (h)).

Importantly, Fabric Cellar has already remedied the alleged deficiencies with its Website and has completed all necessary improvements to continue to make the Website, www.fabricguru.com, accessible and compliant with the WCAG 2.1 standards. (Hellinger Aff. at 11).[1] Fabric Cellar was an early adopter of accessibility measures and does not intend to let its website fall behind the current standards and will continue to keep the website up to date with any new standards. (Hellinger Aff. at 15). Since the inception of Plaintiff's lawsuit, the Defendant has voluntarily implemented AccessiBe, which is a leading-edge accessibility software solution which provides ongoing accessibility on prominent websites receiving considerably higher traffic and sales volumes than Defendant's website. AccessiBe is geared toward dynamic websites, like the Fabric Cellar Website, to ensure accessibility even when websites update daily. (Hellinger Aff. at 14). Matthew Hellinger is CEO of a company which provides full-service website development and consulting across the full continuum of

[1] On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "[the] court may consider evidence outside the pleadings, such as affidavits and exhibits." *Del-Orden v. Bonobos, Inc.,* No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2017), citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

e-commerce regulations known to be relevant to Fabric Cellar, and has been providing those services to Fabric Cellar since August, 2011. (Hellinger Aff. at 2-3).

## III. PROCEDURAL POSTURE

Plaintiff commenced this suit by filing a summons and complaint with the United States District Court for the Western District of New York on February 25, 2020. (Dkt. 1 & 2). On March 16, 2020, Michael Maxwell entered a Notice of Appearance on behalf of Fabric Cellar. (Dkt. 3). The Court entered an Order extending the time to April 17, 2020 for Defendant to answer, move or otherwise respond upon parties joint stipulation of same. (Dkt. 6). On March 23, 2020, Fabric Cellar filed its Corporate Disclosure Statement. (Dkt. 7).

## IV. LAW AND ARGUMENT

### A. Legal Standard: Rule 12(b)(1) Motion to Dismiss

Under Fed. R. Civ. Pro. 12(b)(1) a court may properly dismiss a claim for lack of subject matter jurisdiction, "when the district court lacks that statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to matters that present actual "cases and controversies," therefore, "an actual controversy must be extant at all stages of review." *Del-Orden v. Bonobos, Inc.,* No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2017), quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis*, 569 U.S., at 72.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Giammatteo v. Newton*, 452 Fed. App'x 24, 27 (2d Cir. 2011) citing *Makarova*, 201 F.3d, at 113. "In resolving a motion to dismiss for lack of subject matter jurisdiction, 'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.'" *Del-Orden,* citing *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). But "jurisdiction must be shown affirmatively" by the plaintiff "and that showing is not made by drawing from the pleading inferences favorable to the party asserting it." *Shipping Fin. Servs. Corps. V. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); see also *APWU v. Potter*, 343 F.3d 619 623 (2d Cir. 2003); *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "[the] court may consider evidence outside the pleadings, such as affidavits and exhibits." *Del-Orden*, citing *Makarova*, 201 F.3d, at 113.

B. <u>The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction</u>

1. The Plaintiff's Claims Are Moot Because Fabric Cellar Has Remedied All Alleged ADA Violations and Fabric Cellar Website Renovations Render This Suit Moot.

Since prior to the inception of this lawsuit, Fabric Cellar has continually undertaken to comply with accessibility recommendations for the blind and visually impaired under Section 508 established in 1998 related to Federal agency websites and Web Content Accessibility Guidelines ("WCAG") 2.1 and in fact had in place all of the measures that the Plaintiff claims were absent. (Hellinger Aff. at 7-9). Since the filing of Wilson's Complaint, Fabric Cellar has, in a good faith effort to address the concerns of the Plaintiff, and in further compliance with the WCAG 2.1 standards applicable to websites of places of public

accommodation under Title III of the ADA, remedied all alleged violations of the ADA, therefore mooting this case and demonstrating that no actual case or controversy exists. (Hellinger Aff. at 8-13.) The existence, at all stages of the litigation, of an actual case or controversy is a requirement under the United States Constitution for a federal court to exercise subject matter jurisdiction over a defendant.

As a result of Fabric Cellar's remediation of the alleged ADA violations, this case is moot and the Court therefore lacks subject matter jurisdiction and must dismiss the Plaintiff's Complaint. Fabric Cellar's website, www.fabricguru.com, has undergone and completed updates; accordingly, the alleged deficiencies claimed by the Plaintiff in his Amended Complaint no longer exist. (Hellinger Aff. at 10-14.) Thus, Plaintiff's claims are moot and must be dismissed for lack of subject matter jurisdiction.

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). Therefore, "an actual controversy must be extant at all stages of review." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72.

"[F]actual changes made by a defendant after litigation has commenced cannot render a case moot unless it is absolutely clear the defendant cannot resume the allegedly offending conduct." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir.

2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000)).

However, "[t]he voluntary cessation of allegedly illegal activity may render a case moot 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Id.* (quoting *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996)).

Here, Fabric Cellar has shown that the website has undergone corrective measures such that Plaintiff's claim is rendered moot. (Hellinger Aff. at 10-11.) The injunctive relief Plaintiff seeks is no longer available to Plaintiff, as the alleged issues have been remedied by Fabric Cellar. (Hellinger Aff. at 10-11.) Further, there is no reasonable expectation that the alleged violation will recur as Fabric Cellar is not only committed to keeping its website up to date, it has voluntarily implemented AccessiBe, which is a leading-edge accessibility software solution which provides ongoing accessibility on prominent websites receiving considerably higher traffic and sales volumes than Defendant's website. AccessiBe is geared toward dynamic websites, like Fabric Cellar's website, to ensure accessibility even when websites update daily. (Hellinger Aff. at 14). The website edits completely and irrevocably eradicate the effects of Fabric Cellar's alleged violations. There is no longer any barrier, alleged or otherwise, to any portion of Fabric Cellar's website, thus, no basis for Mr. Wilson's complaint exists.

While Fabric Cellar is aware of the Southern District Court's decision in *Lucia Markett v. Five Guys Enterprises LLC*, No. 17-cv-788(KBF) (S.D.N.Y. July 21, 2017), which the Defendant believes the Plaintiff may rely upon, *Lucia* is distinguishable for several reasons.

First, the defendant in *Lucia* operated physical locations within the state, whereas Fabric Cellar is strictly an online retailer and thus does not have a store anywhere near Wilson. (Hellinger Aff. at 5.) Further, the defendant in *Lucia* did not have a time frame or a definitive date on which its website would be accessible by screen reading software. Here, however, Fabric Cellar has had screen reading software in place for years going back to WCAG 2.0, and has consistently been actively updating its website in the past and has remedied all of Plaintiff's alleged deficiencies. (Hellinger Aff. at 10-14). Fabric Cellar's website was fully accessible to screen readers before the Complaint was filed. (Hellinger Aff. at 9(f)). Further, there is no incentive for Fabric Cellar to fall behind the current standards and has committed to continuing to update the website with any new standards and has removed human error in compliance by implementing artificial intelligence software to continually monitor for accessibility. (Hellinger Aff. at 13-15). For these reasons, Fabric Cellar has established that "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Lucia* quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 120 S. Ct. 693, 528 U.S. 167, 145 L.Ed.2d 610 (2000). Therefore, *Lucia* should not be controlling on the case at bar.

The Southern District Court's holding in *Del-Orden v. Bonobos*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902 (S.D.N.Y. Dec. 20, 2017) is also distinguishable from the present case. The decision in *Del-Orden* was based upon the premise that defendant's inaccessible website prevented the plaintiff from accessing the traditional public accommodation of the defendant's brick and mortar store. *Id.* at *7. Here, however, Mr. Wilson is nowhere near The Fabric Cellar store as it is only an online retailer. (Hellinger Aff. at ¶¶ 5.) The plaintiff in *Del-Orden* was within the same state as the defendant's physical clothing store. *Del-Orden v. Bonobos, Inc.*, No. 1:17-cv-02744 (S.D.N.Y. Apr. 17, 2017). He alleged he could not access the

website's functions to select particular customized clothing, nor could he determine the address of the physical locations to seek out help of employees. *Del-Orden* at *2. In contrast, Fabric Cellar is an online retailer. (Hellinger Aff. at 5.) When ordering fabric online, a customer is not dependent upon being in close proximity to the shipping point. Further, Fabric Cellar has no locations in New York where Mr. Wilson could have sought out in-store help from employees. (Hellinger Aff. at 6.) Thus, the nexus the court relied on in *Del-Orden* between the website and the brick and mortar stores is absent in the present case.

The Defendant, being aware that there are few cases in the federal courts with precedential value on the issue of the Court lacking subject matter jurisdiction over a case because the Complaint has been rendered moot by the modifications Defendant has made to a website before and after a Plaintiff has initiated a lawsuit, has chosen to distinguish sister court cases where the mootness was denied by the Southern District of New York in light of that Court's holding in *Edwin Diaz* v. *The Kroger Co.* No. 1:18 cv 07953 (KPF) (S.D.N.Y. June. 04, 2019). In *Diaz* the Plaintiff made the same allegations against the defendant Kroger that Wilson makes against Fabric Cellar in the instant case: that "defendant failed to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually impaired people." *Id* at 3. The court in *Diaz* reviewed its findings in *Del-Orden* and other cases where mootness was denied but determined that *Diaz "*is different." *Id.* at 7. The *Diaz* court placed great weight on the affidavit submitted by Andrew Whiting ("the affiant"), the Defendant's Group Product Design Manager. *Id,* at 6 and 7. "Significantly, (the affiant) does not present some future plan for remediation of the Website, or some conclusory assertion that the Website is today compliant with the ADA. Instead, (affiant) avers specifically that (i) Defendant undertook compliance with the WCAG standards before the lawsuit was filed;

(ii) the Website is today compliant with those standards; (iii) he personally confirmed that the specific barriers to access identified in Plaintiff's initial and amended complaints 'have been remedied and that no such barriers to access, as alleged, still exist with the website'; (iv) Defendant has no intention of undoing those changes or regressing to non-compliance with the ADA; and (v) Defendant commits 'to keep its website up to date and compliant with all applicable standards to make the website as accessible to all as possible.' This is a level of detail that the Court has not observed in other cases it has reviewed." *Id* at 8. In conclusion, the *Diaz* court summarized its findings as follows: "…Plaintiff identified several barriers to his use and enjoyment of the Website. Defendant removed those barriers, brought the Website into compliance with Plaintiff's preferred WCAG 2.0 standard, and commits to monitoring technological developments in the future to ensure that visually impaired individuals have equal access to the Website. On this record, Defendant has met the stringent showing required by the Supreme Court's mootness precedents. The Court accordingly lacks subject matter jurisdiction to consider Plaintiff's claims. *Id* at 11.

Based upon a review of the facts in the *Diaz* case compared with the more robust accessibility standards already implemented by Fabric Cellar prior to the filing of Wilson's Complaint as well as the remediation of the alleged deficiencies and assurances of continued compliance, the Plaintiff's case is moot and the court lacks subject matter jurisdiction over the matter.

## V. CONCLUSION

For the foregoing reasons, the Plaintiff's Complaint should be dismissed in its entirety as against the Defendant, The Fabric Cellar, Inc.

Dated: April 17, 2020

**HODGSON RUSS LLP**

By: s/Michael E. Maxwell
Michael E. Maxwell
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000
*mmaxwell@hodgsonruss.com*

**FULMER MAY STUCKEY LLC**
Jason A. Stuckey (pro hac vice application pending)
300 Cahaba Park Circle, Suite 100
Birmingham, Alabama 35242
(205) 991-6367
*stuckey@fmslawfirm.com*

*Attorneys for Defendant The Fabric Cellar, Inc.*